IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN A. JOHNSON, | : | |
| Petitioner, | : | 1:17-cv-0261 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN, USP CANAAN, | : | |
| Respondent. | : | |

## **MEMORANDUM**

## **April 13, 2017**

Presently before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Steven A. Johnson ("Johnson"), a federal inmate confined at the United States Penitentiary at Canann ("USP-Canann"), Waymart, Pennsylvania. Johnson seeks to proceed *in forma pauperis*. (Doc. 5). The Court has conducted preliminary review and, for the reasons set forth below, dismissal of the petition is warranted. *See* R. Governing § 2254 CASES R. 4, 1(b).[1]

## I. **BACKGROUND**

Johnson alleges that since his December 29, 2016 transfer to USP Canaan, his "legal mail has been an issue" in that it has been processed "through regular

---

[1]*See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

mail channels" and opened outside his presence. ((Doc. 1, p. 1). He also alleges that he has not been receiving his magazine subscriptions. (*Id.*) He is seeking "to protect [his] Constitutional right, to receive incoming mail in a prison, and to properly receive legal mail in a prison." (*Id.* at 3).

## II. DISCUSSION

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

"Conversely, when the challenge is to a condition of confinement such that a finding in [Petitioner's] favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Johnson's petition plainly involves conditions of confinement in that he is challenging the mailroom procedures at USP-Canaan. A claim concerning the mail, legal or otherwise, does not lie at the "core of habeas" in that it does not challenge the fact or length of a sentence or confinement and, therefore, is not cognizable in a § 2241 petition. *See Preiser, 411 U.S. at 500; see Leamer,* 288 F.3d at 542-44. Consequently, the petition will be dismissed without prejudice to any right Johnson may have to reassert his claim in a properly filed civil rights complaint.

An appropriate order follows.